UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

VESTER CAIN,
                         Plaintiff,

              - against -

**MEMORANDUM DECISION AND ORDER**

20-CV-05034 (AMD) (AYS)

U.S. BANK, NATIONAL ASSOCIATION, AS
TRUSTEE UNDER THE POOLING AND
AGREEMENT DATED MARCH 01, 2007,
GSAMP TRUST 2007-HE2, MORTGAGE PASS-
THROUGH CERTIFICATES, SREIES 2007-HE2,
and OWEN LOAN SERVICING, LLC,

                       Defendants.
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On September 30, 2020, the *pro se* plaintiff filed suit against the defendants in the

Supreme Court of Nassau County, alleging fraud, conversion, failure to produce relevant

documents, and related claims.  (ECF No. 1-2 ¶¶ 5-13.)  On October 20, 2020, the defendants

removed the action to federal court (ECF No. 1), and subsequently moved to dismiss the case

(ECF No. 5.)  In response, the plaintiff filed a "notice of removal" to state court (ECF No. 6),

and both parties moved to strike the others' pleadings (ECF Nos. 7, 9).

For the reasons explained below, I grant the plaintiff's motion to remand the case back to

state court and terminate the pending motions.

## BACKGROUND

On September 30, 2020, the plaintiff filed a complaint against the defendants in the

Supreme Court of Nassau County.  (ECF No. 1-2.)  The plaintiff claims, in essence, that the

defendants stole his home in Hempstead, New York, through a series of fraudulent filings with

local authorities.  (*Id.* ¶¶ 5-13.)  The defendants maintain that the plaintiff's home was sold as a result of a foreclosure action.  (ECF No. 5-3 at 7.)

Sometime in October 2020—the affidavit of service omits a specific date—the plaintiff attempted to serve the defendants.  (ECF Nos. 1-6, 1-7.)  On October 2, 2020, the plaintiff requested judicial intervention and an order to show cause (ECF No. 1-3 at 2), which was denied on October 5, 2020 (ECF No. 1-4).  On October 20, 2020, the defendants removed the action from the New York Supreme Court to this Court pursuant to 28 U.S.C. § 1441.  (ECF No. 1 at 1.)  On October 27, 2020, the defendants moved to dismiss the case under Rule 12.  (ECF No. 5.)

On October 28, 2020, the plaintiff filed his own "notice of removal," in which he states that he is removing his case "back to the State Court."  (ECF No. 6 at 1.)  Because the plaintiff is proceeding *pro se*, I liberally construe this notice as a motion to remand.  On November 16, 2020, the defendants filed a Rule 12(f) motion to strike certain inflammatory material from the plaintiff's pleading (ECF No. 7), and on January 29, 2021, the plaintiff filed a cross motion to strike "All the Defendants' Pleadings and Filings Due to Criminal Fraud and Criminal Perjury and Bad Faith" (ECF No. 9).

### LEGAL STANDARD

Under the removal statute, 28 U.S.C. § 1441, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  "[F]ederal courts construe the removal statute narrowly, resolving any doubts against removability."  *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019).  Moreover, the defendant, "as the party seeking removal and asserting federal jurisdiction," "bears the burden of

demonstrating that the district court has original jurisdiction." *McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 145 (2d Cir. 2017).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  The Second Circuit has construed this provision as authorizing a district court to remand a case *sua sponte* at any time upon finding that it lacks subject-matter jurisdiction.  *See Cavaleri v. Amgen Inc.*, No. 20-CV-1762, 2021 WL 878555, at *1 (E.D.N.Y. Mar. 8, 2021), *reconsideration denied*, No. 20-CV-1762, 2021 WL 951652 (E.D.N.Y. Mar. 12, 2021) (citing *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133-34 (2d Cir. 2006)).  Because the plaintiff is proceeding *pro se*, his pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

The defendants maintain that this case is removable to federal court because it "could have been filed in this Court pursuant to 28 U.S.C. § 1441(a) based on federal question jurisdiction."  (ECF No. 1 at 3.)  The plaintiff responds that removing his case from state court is "criminal"—or at least unfair—but does not offer substantive arguments challenging the defendants' position.  (ECF No. 6.)  Nevertheless, "failure of subject matter jurisdiction is not waivable and may be raised at any time . . . by the court *sua sponte*."  *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000); *see also Shakour v. Fed. Republic of Ger.*, 199 F. Supp. 2d 8, 12 (E.D.N.Y. 2002) ("District courts must police subject matter jurisdiction on their own initiative.").

"Federal question jurisdiction exists whenever the complaint states a cause of action under federal law that is neither 'clearly . . . immaterial and made solely for the purpose of obtaining jurisdiction' nor 'wholly insubstantial and frivolous.'"  *Lyndonville Sav. Bank & Tr.*

*Co.*, 211 F.3d at 701 (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)). Such jurisdiction "may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." *State of New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975).

The plaintiff raises claims under 18 U.S.C. § 1028 and "any applicable Federal criminal laws." (ECF No. 1-2 ¶¶ 6, 8, 10.) The plaintiff's complaint also "references violations of the First, Fifth, and Fourteenth Amendments of the United States Constitution as well as violations of various sections of the Civil Rights Act." (ECF Nos. 1, 1-2.) Nevertheless, none of the plaintiff's references to federal law—his invocation of 18 U.S.C. § 1028, his catchall "any applicable Federal criminal laws," or his references to other violations of the Constitution and federal law—may serve as a basis for federal question jurisdiction.

As a threshold matter, the "mere reference to federal law in an action does not constitute a basis for federal question jurisdiction." *Seldon Clean Water Prod. (Asia) L.P. v. Taran, No. 18-CV-4853*, 2019 WL 1118043, at *2 n.1 (E.D.N.Y. Mar. 11, 2019) (citing *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002)). The plaintiff refers to the First, Fifth, and Fourteenth Amendments of the United States Constitution and the Civil Rights Act (ECF No. 1-2 at 7), without explaining how they apply. His actual claims appear later in his complaint (*id.* ¶¶ 5-13), and those claims assertedly arise under 18 U.S.C. § 1028—"Fraud and related activity in connection with identification documents, authentication features, and information"—as well as "any applicable Federal criminal laws" and various state laws. (*Id.*)

Courts have found that there is no federal question jurisdiction when a private party brings federal criminal claims for which there is no private right of action.[1] *See Dabydeen v.*

---

[1] Other courts have found that the lack of a private right of action more appropriately results in failure to state a claim than lack of subject matter jurisdiction. *See, e.g.*, *Fair v. Verizon Commc'n Inc.*, 621 Fed.

*Wells Fargo Bank, N.A.*, No. 18-CV-3396, 2018 WL 3212421, at *3 (E.D.N.Y. June 29, 2018) ("Although a party may be able to show that Congress intended a particular statute to be privately enforceable, [the] plaintiff here has made no such showing with respect to any of the federal criminal statutes he cites, and accordingly none of those statutes can serve as the basis for federal question jurisdiction." (internal citation omitted)); *Limtung v. Thomas*, No. 19-CV-3646, 2019 WL 6253815, at *3 (E.D.N.Y. Nov. 21, 2019) ("Title 18 of the United States Code encompasses laws on crimes and criminal procedure, and there is no private right of action for violations of a criminal statute.  Accordingly, the Court does not appear to have federal question jurisdiction over this action." (internal quotations and citations omitted)); *Soto v. Lene*, No. 11-CV-0089, 2011 WL 147679, at *3 (E.D.N.Y. Jan. 18, 2011) (finding no federal question jurisdiction because "violations of the federal criminal code generally cannot serve as the basis for a civil cause of action"); *Papeskov v. Nitis*, No. 12-CV-1740, 2012 WL 1530731, at *2 (E.D.N.Y. Apr. 27, 2012) (finding a lack of subject matter jurisdiction in part because none of the criminal statutes the plaintiff cites provides for a private cause of action).

The plaintiff brings claims under 18 U.S.C. § 1028 (ECF No. 1-2 ¶¶ 6, 8, 10), which does not provide a private right of action.  *See Garay v. U.S. Bancorp*, 303 F. Supp. 2d 299, 302 (E.D.N.Y. 2004) (finding that 18 U.S.C. § 1028 "is criminal in nature and provides no private right of action."); *Marcelin v. Cortes-Vasquez*, No. 09-CV-4303, 2010 WL 5665037, at *1 n.1 (E.D.N.Y. Dec. 9, 2010), *report and recommendation adopted by* 2011 WL 346682 (E.D.N.Y.

---

Appx. 52, 53 (2d Cir. 2015) (summary order) (collecting cases); *Chenkin v. 808 Columbus LLC*, 368 F. App'x 162, 163 (2d Cir. 2010) (summary order); *Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227, 233 (2d Cir. 1999).  The Court must first determine whether it has subject matter jurisdiction to hear the case.  Since this Court has no jurisdiction, I do not consider whether the complaint fails to state a claim.

Jan. 28, 2011); *Morse v. Boerner*, No. 10-CV-2811, 2011 WL 13305339, at *8 (E.D.N.Y. Aug. 10, 2011).

The plaintiff also brings claims under "any applicable Federal criminal laws" (ECF No. 1-2 ¶¶ 6, 8, 10), but courts "have long recognized that crimes are prosecuted by the government, not by private parties." *Hill v. Didio*, 191 F. App'x 13, 14-15 (2d Cir. 2006) (citing *Connecticut Action Now, Inc. v. Roberts Plating Co.,* 457 F.2d 81, 86-87 (2d Cir. 1972)). "[N]o private right of action exists under criminal statutes absent an indication that Congress intended to create such a private right of action." *Nath v. Select Portfolio Servicing, Inc.*, 732 F. App'x 85, 87 (2d Cir. 2018) (summary order); *see also Limtung*, 2019 WL 6253815, at *3.

Neither the plaintiff nor the defendants—who have the burden on removal to establish jurisdiction—have shown what specific private right of action is available under relevant federal law. *New York City Env't Just. All. v. Giuliani*, 214 F.3d 65, 73 (2d Cir. 2000) ("The person seeking a private remedy bears the burden of demonstrating that Congress intended to make one available.") (citing *Suter v. Artist M.,* 503 U.S. 347, 363 (1992)). For these reasons, the Court finds that the defendants have not established that the Court has federal question jurisdiction over the plaintiff's claims.

**CONCLUSION**

The Court finds that it lacks subject matter jurisdiction over this case.  For these reasons, the Court grants the plaintiff's motion to remand to the Supreme Court of Nassau County.  The pending motions are terminated.

**SO ORDERED.**

         s/Ann M. Donnelly
         ANN M. DONNELLY
         United States District Judge

Dated: Brooklyn, New York
        August 31, 2021